**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN MIHELCICH,

    Petitioner,

                          CASE NO. 2:11-CV-10137
v.                         HONORABLE MARIANNE O. BATTANI
                         UNITED STATES DISTRICT COURT

THOMAS BIRKETT,

    Respondent,

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS

John Mihelcich, ("Petitioner"), confined at the Central Michigan Correctional Facility in St. Louis, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction and sentence for five counts of second-degree criminal sexual conduct, M.C.L.A. 750.520c(1)(a); and being a second felony habitual offender, M.C.L.A. 769.10. For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

### I. Background

Petitioner was originally charged with one count of first-degree criminal sexual conduct, four counts of second-degree criminal sexual conduct, one count of indecent exposure, and being a second felony habitual offender. At the close

of the prosecutor's case, the trial judge granted petitioner's motion for a directed verdict on the first-degree criminal sexual conduct charge, but over petitioner's objection, permitted that charge to be amended to a charge of the cognate lesser offense of second-degree criminal sexual conduct.  Petitioner was subsequently convicted of five counts of second-degree criminal sexual conduct and being a second felony habitual offender.  Petitioner was acquitted of the indecent exposure charge.  Petitioner was sentenced to concurrent terms of seven to twenty two and a half years in prison.

Petitioner and respondent have both provided detailed statements of facts in their pleadings.  Because the facts of this case have been repeated numerous times, they need not be repeated here in their entirety.  Therefore, only a brief overview of the facts is required. See Nevers v. Killinger, 990 F. Supp. 844, 847 (E.D. Mich. 1997).  Accordingly, this Court will recite verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). See Wagner v. Smith, 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant was convicted of sexually assaulting two underage girls.  At trial, evidence was presented that defendant committed other uncharged acts of sexual misconduct against another underage girl, TB.

> People v. Mihelcich, No. 282098, * 1; 2009 WL 763461, * 1 (Mich.Ct. App. March 24, 2009).

Petitioner's conviction was affirmed on appeal. Id., lv. den. 485 Mich. 974;

774 N.W. 2d 904 (2009).

Petitioner seeks a writ of habeas corpus. For purposes of judicial clarity and economy, the Court will paraphrase the claims rather than recite them verbatim:

> I. The trial court committed reversible error by admitting improper prejudicial hearsay evidence at trial involving prior sexual activity by petitioner with another underage girl, which denied petitioner his right to federal due process and a fair trial, as well as his constitutional right to confrontation. This reversible error also was the result of the prosecutor's misconduct. Trial counsel was ineffective for failing to object or properly object to admission of this extensive hearsay testimony from multiple witnesses.

> II. The offense of second-degree criminal sexual conduct is not a necessarily included lesser offense of first-degree criminal sexual conduct, therefore, the trial court/jury was without legal authority to consider and convict petitioner of this uncharged cognate offense added after the prosecution rested its case/closed its proofs.

> III. Petitioner is entitled to resentencing where the trial court improperly scored one or more sentencing variables under the Michigan Sentencing Guidelines and where his sentence was increased based on facts neither proven to the jury beyond a reasonable doubt nor admitted by him in violation of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

> IV. Petitioner is entitled to resentencing where the trial court improperly scored Offense Variables 4 and 10 of the Michigan Sentencing Guidelines.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

3

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating

4

state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" Renico v. Lett, 130 S.Ct. 1855, 1862 (2010)((quoting Lindh v. Murphy, 521 U.S. 320, 333, n. 7 (1997); Woodford v. Viscotti, 537 U.S. 19, 24 (2002)(per curiam)).  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S.Ct. 770, 786 (2011)(citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. ( citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003).  Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. Id.

    "[I]f this standard is difficult to meet, that is because it was meant to be." Harrington, 131 S. Ct. at 786.  Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the

5

Supreme Court's precedents. Id.  Indeed, "Section 2254(d) reflects the view that

habeas corpus is a 'guard against extreme malfunctions in the state criminal

justice systems,' not a substitute for ordinary error correction through appeal." Id.

(citing Jackson v. Virginia, 443 U.S. 307, 332, n. 5 (1979))(Stevens, J.,

concurring in judgment)).  Indeed, a "readiness to attribute error [to a state court]

is inconsistent with the presumption that state courts know and follow the law."

Woodford, 537 U.S. at 24.  Therefore, in order to obtain habeas relief in federal

court, a state prisoner is required to show that the state court's rejection of his

claim "was so lacking in justification that there was an error well understood and

comprehended in existing law beyond any possibility for fairminded

disagreement." Harrington, 131 S. Ct. at 786-87.

### III.  Discussion

#### A.  Claim # 1.  The claim involving the admission into evidence of petitioner's sexual activity with a third underage girl.

In his first claim, petitioner contends that he was denied a fair trial when

the prosecutor introduced evidence that petitioner had engaged in sexual activity

in the past with an underaged girl whom this Court will refer to as "T.B."

Petitioner claims that the prosecutor engaged in misconduct by admitting this

evidence, which petitioner argues was unduly prejudicial and violated his Sixth

Amendment right to confrontation.  Petitioner further contends that his trial

counsel was ineffective for failing to object to the majority of this evidence.

6

Although petitioner has framed his evidentiary claim as a prosecutorial misconduct challenge, "it amounts in the end to a challenge to the trial court's decision to allow the introduction of this evidence." Webb v. Mitchell, 586 F. 3d 383, 397 (6th Cir. 2009).  "A prosecutor may rely in good faith on evidentiary rulings made by the state trial judge and make arguments in reliance on those rulings." Cristini v. McKee, 526 F.3d 888, 900 (6th Cir. 2008).  Furthermore, it is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. Id.  Errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. Seymour v. Walker, 224 F. 3d 542, 552 (6th Cir. 2000).

To the extent that petitioner claims that the state court violated M.R.E. 404(b) by admitting these prior bad acts into evidence, he would not be entitled to habeas relief because such a claim is non-cognizable on habeas review. Bey v. Bagley, 500 F 3d 514, 519 (6th Cir. 2007); Estelle, 502 U.S. at 72 (Supreme Court's habeas powers did not permit Court to reverse state court conviction based on their belief that the state trial judge erred in ruling that prior injury evidence was admissible as bad acts evidence under California law); Dowling v. U.S., 493 U.S. 342, 352-53 (1990)(admission at defendant's bank robbery trial of

7

"similar acts" evidence that he had subsequently been involved in a house burglary for which he had been acquitted did not violate due process). The admission of this "prior bad acts" or "other acts" evidence against petitioner at his state trial does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. See Bugh v. Mitchell, 329 F. 3d 496, 512 (6th Cir. 2003).

Petitioner's main argument is the testimony regarding his prior sexual activity with T.B. was inadmissible hearsay and violated his right of confrontation because T.B. did not testify in court and was not subject to cross-examination.

Out of court statements that are testimonial in nature are barred by the Sixth Amendment Confrontation Clause unless the witness is unavailable and the defendant has had a prior opportunity to cross-examine the witness, regardless of whether such statements are deemed reliable by the court. See Crawford v. Washington, 541 U.S. 36 (2004).

Most of the evidence in this case involving petitioner's prior sexual activity with T.B. was established by petitioner's own statements to the police and to his sister. Petitioner's statements are not testimonial hearsay, because they are admissions by a party-opponent. These statements are, by definition, not hearsay under either Federal Rule of Evidence 801(d)(2)(A) or Michigan Rule of

Evidence 801(d)(2)(A).  Because the prohibition announced in Crawford only

applies to hearsay, that prohibition does not cover petitioner's own admissions.

See Miller v. Stovall, 573 F. Supp. 2d 964, 997 (E.D. Mich. 2008).

Petitioner also points to testimony from one of the victims, whom this

Court will refer to as "K.J.", who testified that her aunt had told her about

petitioner having engaged in similar sexual activity with T.B., who was her

cousin.  Petitioner further notes that his sister testified that she had heard that

petitioner was having an "affair" with T.B.

The Confrontation Clause is not implicated, and thus does not need not be

considered, when non-testimonial hearsay is at issue. See Davis v. Washington,

547 U. S. 813, 823-26 (2006); See also Desai v. Booker, 538 F.3d 424, 425-26

(6th Cir. 2008).   Testimonial statements do not include remarks made to family

members or acquaintances, business records, or statements made in

furtherance of a conspiracy. Crawford, 541 U.S. at 51-52, 56.  In holding that the

Sixth Amendment right to confrontation does not apply to non-testimonial

statements, the Supreme Court stated:

> "The text of the Confrontation Clause reflects this focus [on testimonial
> hearsay].  It applies to 'witnesses' against the accused-in other words,
> those who 'bear testimony.' 1 N. Webster, An American Dictionary of
> *824 the English Language (1828).  'Testimony,' in turn, is typically 'a
> solemn declaration or affirmation made for the purpose of establishing
> or proving some fact.' Ibid.  An accuser who makes a formal statement
> to government officers bears testimony in a sense that a person who
> makes a casual remark to an acquaintance does not."

9

Davis, 547 U.S. at 823-24 (quoting Crawford, 541 U.S., at 51).

The statement from K.J.'s aunt to K.J. and the statement to petitioner's sister concerning petitioner's prior sexual activity with T.B. do not qualify as testimonial statements covered by the Confrontation Clause because they were casual remarks made to a friend or family member and not ones made to law enforcement. See Deshai, 538 F. 3d at 427; See also Jackson v. Renico, 179 Fed. Appx. 249, 255 (6th Cir. 2006).  Morever, because the Confrontation Clause has no applicability to non-testimonial statements, they may be admitted even if they lack indicia of reliability. See Whorton v. Bockting, 549 U.S. 406, 420 (2007).

Petitioner lastly points to testimony from Sergeant Weimer, who interviewed T.B.  Sergeant Weimer testified that T.B. informed him that she had been sexually molested by petitioner.  Petitioner's counsel objected to the testimony and the prosecutor agreed that T.B.'s statement to Sergeant Weimer were inadmissible.  The trial court ordered that the testimony be stricken and instructed the jurors to disregard the testimony. (Tr. II, pp. 146-47).

A jury must be presumed to have followed a trial court's instructions. See Weeks v. Angelone, 528 U.S. 225, 234 (2000).  Because the jury was told to disregard Sergeant Weimer's testimony concerning T.B.'s hearsay statement, there was no Confrontation Clause violation. See Gee v. Groose, 110 F.3d 1346, 1349 (8th Cir. 1997).

10

Petitioner further contends that trial counsel was ineffective for failing to object to the admission of most of the evidence regarding his past sexual activity with T.B.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland v. Washington, 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. Id. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. Strickland, 466 U.S. at 689.  Second, the defendant must show that such performance prejudiced his defense. Id.  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  The Supreme Court's holding in Strickland places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. See Wong v. Belmontes, 130 S. Ct. 383, 390-91

11

(2009).

To the extent that petitioner contends that his trial counsel was ineffective for failing to object to this evidence on the ground that it should not have been admitted under M.R.E. 404(b) or M.C.L.A. 768.27a, this Court notes that the Michigan Court of Appeals held that the evidence of petitioner's prior sexual activity with T.B. was properly admitted pursuant to M.C.L.A. 768.27a, and because it was properly admitted under this statute, it was not necessary to justify its admission under M.R.E. 404(b) . *Mihelcich,* Slip. Op. at * 1-2.

Federal habeas courts "'must defer to a state court's interpretation of its own rules of evidence and procedure' when assessing a habeas petition." Miskel v. Karnes, 397 F.3d 446, 453 (6th Cir. 2005)(quoting Allen v. Morris, 845 F.2d 610, 614 (6th Cir. 1988)).  Because the Michigan Court of Appeals determined that evidence of petitioner's prior sexual activity with T.B. was admissible under Michigan law, this Court must defer to that determination in resolving petitioner's ineffective assistance of counsel claim. See Brooks v. Anderson, 292 Fed. Appx. 431, 437-38 (6th Cir. 2008); Adams v. Smith, 280 F.Supp.2d 704, 721 (E.D. Mich. 2003)*.*  In the present case, the Michigan Court of Appeals' determination that petitioner was not denied the effective assistance of trial counsel because of counsel's failure to object to the admission of this "bad acts" evidence was not contrary to, or an unreasonable application of, clearly established federal law, and thus did not warrant federal habeas relief, in light of the Michigan Court of

12

Appeals' finding that this "bad acts" evidence was admissible under Michigan law. See e.g. Pearl v. Cason, 219 F. Supp. 2d 820, 828-29 (E.D. Mich. 2002).

Petitioner further claims that counsel was ineffective for failing to object to the testimony concerning T.B. on hearsay grounds.  Counsel did, in fact, object to Sergeant Weimer's testimony concerning T.B.'s out-of-court statement to him and the objection was sustained and the evidence stricken.  Because counsel did, in fact, object to this inadmissible hearsay evidence, this portion of petitioner's ineffective assistance of counsel claim is without merit. See e.g. Durr v. Mitchell, 487 F.3d 423, 440 (6th Cir. 2007).  With respect to the remaining testimony concerning petitioner's prior sexual activity with T.B., as mentioned above, none of this testimony violated petitioner's Sixth Amendment right to confrontation.

Because this testimony did not violate the Confrontation Clause, counsel was not ineffective for failing to object to its admission on this basis. See e.g. U.S. v. Johnson, 581 F. 3d 320, 328 (6th Cir. 2009).  Petitioner is not entitled to habeas relief on his first claim.

**B. Claim # 2.  The constructive amendment of the information claim.**

Petitioner next contends that the trial court judge improperly amended the criminal information in this case when, in directing a verdict of acquittal on the first-degree criminal sexual conduct charge, granted the prosecutor's motion to amend the information to permit a reduced charge of second-degree criminal

13

sexual conduct to be submitted to the jury.  Petitioner argues that since second-degree criminal sexual conduct is a cognate offense of first-degree criminal sexual conduct and not a necessarily lesser included offense, he was not placed on notice by the original information, which charged first-degree criminal sexual conduct, that he would have to possibly defend against a charge of second-degree criminal sexual conduct.

Under Michigan law, a person is guilty of first-degree criminal sexual conduct if he or she engages in sexual penetration of another person and the other person is under 13 years of age. See Greenwell v. Elo, 77 Fed. Appx. 790, 792 (6th Cir. 2003)(citing M.C.L.A. 750.520b(1)(a)).  M.C.L.A. 750.520c(1)(a), in pertinent part, indicates that a person is guilty of second-degree criminal sexual conduct "if the person engages in sexual contact with another person" and the "other person is under 13 years of age." See People v. Lemons, 454 Mich. 234, 252; 562 N.W. 2d 447 (1997).   An assault must be committed for "a sexual purpose" in order to support a conviction for second-degree criminal sexual conduct. See People v. VanderVliet, 444 Mich. 52, 85; 508 N.W. 2d 114 (1993). Second-degree criminal sexual conduct is a cognate lesser offense of first-degree criminal sexual conduct because the offense requires proof of an intent not required by first-degree criminal sexual conduct, namely, that the defendant intended to seek sexual arousal or gratification. Lemons, 454 Mich. at 253–54.  "Cognate offenses share several elements and are of the same class

14

or category as the greater offense, but contain elements not found in the greater offense." <u>People v. Wilder</u>, 485 Mich. 35, 41; 780 N.W. 2d 265 (2010).

A state criminal defendant has a due process right to be informed of the nature of the accusations against him. <u>Lucas v. O'Dea</u>, 179 F. 3d 412, 417 (6th Cir. 1999). Notice and opportunity to defend against criminal charges as guaranteed by the Sixth Amendment to the United States Constitution are an integral part of the due process protected by the Fourteenth Amendment and therefore apply to state prosecutions. <u>Cole v. Arkansas</u>, 333 U.S. 196, 201 (1948); <u>In Re Oliver</u>, 333 U.S. 257, 273 (1948). "The due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense." <u>Olsen v. McFaul</u>, 843 F. 2d 918, 930 (6th Cir. 1988). "Whether a defendant charged with the greater offense has notice of the cognate offense depends on whether, under the circumstances, the defendant had reasonable notice of the charges and a fair hearing in open court." <u>Witt v. Prelesnik</u>, 12 F.3d 216 (Table), No. 1993 WL 473696, * 1 (6th Cir. November 15, 1993)(citing <u>Paterno v. Lyons</u>, 334 U.S. 314, 320 (1948)).

A complaint or indictment need not be perfect under state law so long as it adequately informs the petitioner of the crime in sufficient detail so as to enable him or her to prepare a defense. Therefore, an indictment "which fairly but imperfectly informs the accused of the offense for which he is to be tried does

15

not give rise to a constitutional issue cognizable in habeas proceedings." Mira v. Marshall, 806 F. 2d 636, 639 (6ᵗʰ Cir. 1986); Dell v. Straub, 194 F. Supp. 2d 629, 653-54 (E.D. Mich. 2002).  "When reviewing amendments to state charging documents in habeas corpus proceedings, the federal courts focus on the questions whether the defendant was surprised by the amendment or otherwise prejudiced in his ability to defend himself at trial." Rhea v. Jones, 622 F. Supp. 2d 562, 583 (W.D. Mich. 2008)(citing Tague v. Richards, 3 F.3d 1133, 1141–42 (7ᵗʰ Cir. 1993); Wright v. Lockhart, 854 F.2d 309, 312–13 (8ᵗʰ Cir. 1988)).

In the present case, petitioner is unable to show that he was surprised by the amendment of the information or that he was prejudiced in his ability to defend himself at trial.  Petitioner was already charged with four counts of second-degree criminal sexual conduct.  The only difference between the original first-degree criminal sexual conduct charge and the reduced charge of second-degree criminal sexual conduct is that the original charge requires proof of sexual penetration while the latter charge requires proof of sexual purpose. Petitioner's defense at trial was that no improper sexual contact with either of the victims occurred.  Because petitioner's defense to this charge would have been the same regardless of whether he had been charged with first or second-degree criminal sexual conduct, he is unable to establish that he was surprised or prejudiced by the amendment to the information.

Moreover, petitioner was convicted by a jury after a trial.  The Ninth Circuit

16

has observed that neither <u>Cole v. Arkansas, supra,</u> nor <u>In re Oliver, supra,</u>

"foreclose the premise that constitutionally adequate notice may come from

evidence presented at trial." See <u>Troches v. Terhune</u>, 74 Fed. Appx. 736, 737

(9th Cir. 2003).  Petitioner has failed to show that he lacked adequate notice of

the charges against him in this case.  Petitioner is not entitled to habeas relief on

his second claim.

### C.  Claims # 3 and # 4.  The sentencing claims.

The Court will discuss petitioner's third and fourth claims together for

judicial clarity.

Petitioner initially contends that the trial court improperly scored several of

the offense variables under the Michigan Sentencing Guidelines.

Petitioner's claim that the state trial court incorrectly scored or calculated

his sentencing guidelines range under the Michigan Sentencing Guidelines is not

a cognizable claim for federal habeas review, because it is basically a state law

claim. See <u>Howard v. White</u>, 76 Fed. Appx. 52, 53 (6th Cir. 2003); See also

<u>Haskell v. Berghuis</u>, 695 F. Supp. 2d 574, 598 (E.D. Mich. 2010).  "Petitioner has

no state-created interest in having the Michigan Sentencing Guidelines applied

rigidly in determining his sentence." See <u>Mitchell v. Vasbinder</u>, 644 F. Supp. 2d

846, 867 (E.D. Mich. 2009)(citing <u>Shanks v. Wolfenbarger</u>, 387 F. Supp. 2d 740,

752 (E.D. Mich. 2005).  "[I]n short, petitioner had no federal constitutional right to

be sentenced within Michigan's guideline minimum sentence recommendations."

17

Doyle v. Scutt, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004).  Any error by the trial court in calculating his guideline score or in departing above his sentencing guidelines range alone would not merit habeas relief. Id.

Petitioner further alleges that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors that had not been submitted to a jury and proven beyond a reasonable doubt when scoring his sentencing guidelines.

In Blakely v. Washington, 542 U.S. 296 (2004), the U.S. Supreme Court held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. Id. at 301 (citing Apprendi v. N.J., 530 U.S. 466, 490 (2000)).

Petitioner is not entitled to habeas relief on his claim.  Blakely involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence within a minimum and maximum sentence. See People v. Claypool, 470 Mich. 715, 730, n. 14, 684 N.W.2d 278 (Mich. 2004); People v. Drohan, 475 Mich. 140, 160-61, 715 N.W.2d 778 (Mich. 2006)(both citing M.C.L.A. 769.8).  "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in Blakely, create a range within which the trial court must set a minimum sentence." Drohan, 475 Mich. at 161.  Under Michigan

18

law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. See People v. Babcock, 469 Mich. 247, 255, n. 7, 666 N.W.2d 231 (Mich. 2003) (citing M.C.L.A. 769.34(2)).  Under Michigan law, the trial judge sets the minimum sentence, but can never exceed the maximum sentence. Claypool, 470 Mich. at 730.  Therefore, Michigan's indeterminate sentencing scheme is unaffected by the U.S. Supreme Court's holding in Blakely. Drohan, 475 Mich. at 164.

The holding in Blakely is inapplicable to petitioner's sentence. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. Blakely, 542 U.S. at 304-05, 308-09.  The Supreme Court clarified this in Cunningham v. California, 549 U.S. 270 (2007), when the Supreme Court explained that states may retain determinate sentencing by requiring the jury "to find any fact necessary to the imposition of an elevated sentence" or by allowing judges "to exercise broad discretion . . . within a statutory range, which everyone agrees, encounters no Sixth Amendment shoal." Id. at 294. (quoting United States v. Booker, 543 U.S. 220, 233 (2005)); See also Harris v. United States, 536 U.S. 545, 565 (2002)("[w]hether chosen by the judge or the legislature, the facts guiding judicial discretion below the statutory maximum need not be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt" and the judge "may impose the minimum, the maximum, or any other sentence within the range

19

without seeking further authorization from those [grand and petit] juries-and without contradicting Apprendi."), and Id. at 569-70 (Breyer, J., concurring)(agreeing that "Apprendi does not apply to mandatory minimums.").

The holdings in Apprendi and Blakely therefore do not apply to a judge's factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum. See Chontos v. Berghuis, 585 F.3d 1000, 1002 (6th Cir. 2009); See also Montes v. Trombley, 599 F.3d 490, 495 (6th Cir. 2010)(the Blakely-Apprendi rule requiring any fact that increases the penalty for a crime beyond the prescribed statutory maximum to be submitted to a jury and proved beyond a reasonable doubt does not apply to laws that set the maximum sentence by statute but that permit a judge to determine the minimum sentence through judicial factfinding, and does not preclude a judge from utilizing the preponderance-of-the-evidence standard when finding facts related to sentencing).  As noted by the Sixth Circuit, "[T]he Sixth Amendment gives a criminal defendant the right to have a jury find any fact that increases the *maximum* sentence the defendant faces, not any fact that increases the *minimum* sentence." Arias v. Hudson, 589 F.3d 315, 317 (6th Cir. 2009)(citing McMillan v. Pennsylvania, 477 U.S. 79 (1986))(emphasis original).  Indeed, "[B]y clarifying that minimum sentences fall outside *Apprendi's* scope, *Harris* forecloses [petitioner's] claim." Chontos, 585 F. 3d at 1002.  The Sixth Amendment jury trial right merely "ensure[s] that the defendant 'will never get

20

more punishment than he bargained for when he did the crime'"; it does "not promise that he will receive 'anything less' than that." Id. (quoting Harris, 536 U.S. at 566 (quoting Apprendi, 530 U.S. at 498)(Scalia, J., concurring)).

When petitioner violated the second-degree criminal sexual conduct and second habitual offender statutes, he bargained that if a jury found him guilty, that he could face up to twenty two and one half years in prison. [1]   Therefore, "regardless of the ways that judicial factfinding and Michigan's guidelines affected his minimum sentence," petitioner "got no more than he bargained for." Chontos, 585 F.3d 1002.  Because Michigan's sentencing laws create an indeterminate-sentencing scheme, it does not violate petitioner's due-process rights or his right to a jury trial. Montes, 599 F. 3d at 497.  Petitioner is not entitled to habeas relief on any Blakely claim. Id.

Petitioner finally contends that trial counsel was ineffective for failing to argue that the sentence imposed violated his Sixth Amendment right to a jury trial.  Because the holding in Blakely is inapplicable to Michigan's indeterminate sentencing scheme, trial counsel was not ineffective for failing to object to the scoring of the sentencing guidelines on this basis. See Rupert v. Berghuis, 619

---

[1]   Under M.C.L.A. 769.10(1)(a), if a defendant has previously been convicted of a felony in Michigan, a judge may sentence the defendant to imprisonment for a maximum term that is not more than 1- 1/2 times the longest term prescribed for a first conviction of that offense or for a lesser term.  The maximum penalty for second-degree criminal sexual conduct is fifteen years in prison. M.C.L.A. 750.520c. Because petitioner had been convicted of being a second habitual offender, he faced up to twenty two and a half years in prison.

F. Supp. 2d 363, 371 (W.D. Mich. 2008). Petitioner is not entitled to habeas relief on his third and fourth claims.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. Id. at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. See Millender v. Adams, 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002).

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed in forma pauperis (IFP) is a lower standard than the standard for certificates of appealability. See Foster v. Ludwick, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002).  Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. Id. at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a).  "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. Foster, 208 F. Supp. 2d at 765.  Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed in forma pauperis on appeal. Id.

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **GRANTED** leave to appeal in forma pauperis

s/Marianne O. Battani
**HONORABLE MARIANNE O. BATTANI**
**Dated: September 19, 2011   UNITED STATES DISTRICT JUDGE**

23

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the above date a copy of this Order was served upon the Petitioner, John Mihelcich, via ordinary U.S. Mail and Counsel for the Respondent, electronically.

<u>s/Bernadette M. Thebolt</u>
Case Manager

24